IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BEVERLEA ELIZABETH DELLAQUILA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 21-584 |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

AND NOW, this 14th day of September, 2022, upon consideration of Defendant's

Motion for Summary Judgment (Doc. No. 15) filed in the above-captioned matter on November

17, 2021,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No.

12) filed in the above-captioned matter on October 18, 2021,

IT IS HEREBY ORDERED that said Motion is GRANTED IN PART and DENIED IN

PART. Specifically, Plaintiff's Motion is granted to the extent that it seeks a remand to the

Commissioner of Social Security ("Commissioner") for further evaluation as set forth below and

denied in all other respects. Accordingly, this matter is hereby remanded to the Commissioner

for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

**I.    Background**

Plaintiff Beverlea Elizabeth Dellaquila protectively filed a claim for Supplemental

Security Income benefits under Title XVI of the Social Security Act (the "Act"), 42 U.S.C.

§ 1381 *et seq.*, effective February 7, 2019, claiming that she became disabled on that date due to

post traumatic stress disorder ("PTSD"), anxiety, depression, gastroesophageal reflux disorder ("GERD"), low iron, hearing loss in the right ear, problematic menopause, nausea, and allergies. (R. 15, 173-78, 192).  After being denied initially on July 18, 2019, and upon reconsideration on October 11, 2019, Plaintiff sought, and obtained, a telephonic hearing before an Administrative Law Judge ("ALJ") on July 30, 2020.  (R. 15, 88-92, 96-99, 101-03, 32-64).  In a decision dated September 1, 2020, the ALJ denied Plaintiff's request for benefits.  (R. 15-26).  The Appeals Council declined to review the ALJ's decision on March 1, 2021.  (R. 1-3).  Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

## II.   **Standard of Review**

Judicial review of a social security case is based upon the pleadings and the transcript of the record, and the scope of that review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact.  *See* 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001) (noting that "'[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive'" (quoting § 405(g)); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues, and reviews the ALJ's findings of fact to determine whether they are supported by substantial evidence).  If the district court finds this to be so, it must uphold the Commissioner's final decision.  *See Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005).  The Court may not set aside a decision that is supported by substantial evidence "even if [it] would have decided the factual inquiry differently."  *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing § 405(g)); *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986)).

"Substantial evidence" is defined as "more than a mere scintilla." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999) (quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995)).  It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*; *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).  However, a "'single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (quoting *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)).  "'Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians) – or if it really constitutes not evidence but mere conclusion.'" *Id.*  So as to facilitate the district court's review, an ALJ's findings must "be accompanied by a clear and satisfactory explication of the basis on which [they] rest[]." *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981).  Decisions that are conclusory in their findings or indicate the ALJ's failure to consider all the evidence are not supported by substantial evidence. *See id.* at 705-06.  Moreover, the Court must ensure the ALJ did not "reject evidence for no reason or for the wrong reason." *Id.* at 706 (citing *King v. Califano*, 615 F.2d 1018 (4th Cir. 1980)).

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period. *See Fargnoli v. Massanari*, 247 F.3d 34, 38-39 (3d Cir. 2001).  "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'" *Id.* at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration has promulgated regulations incorporating a five-step sequential evaluation process in guiding ALJs in determining whether a claimant is under a disability as defined by the Act. *See* 20 C.F.R. § 416.920. At Step One, the ALJ must determine whether the claimant is currently engaging in substantial gainful activity. *See id.* at § 416.920(a)(4)(i). If so, the disability claim will be denied. *See Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. *See* 20 C.F.R. § 416.920(a)(4)(ii). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." *Id.* at § 416.922. If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have a severe impairment, however, the ALJ must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. *See id.* at § 416.920(a)(4)(iii). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

In considering these steps, the ALJ must formulate the claimant's residual functional capacity ("RFC"). A claimant's RFC is defined as the most that an individual is still able to do despite the limitations caused by his or her impairments. *See Fargnoli*, 247 F.3d at 40; 20 C.F.R. § 416.945(a). At Step Four, it is the claimant's burden of demonstrating an inability to perform his or her past relevant work. *See Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994). If the ALJ determines that the claimant lacks the RFC to resume his or her former occupation, the evaluation then moves to the fifth and final step. *See* 20 C.F.R. § 416.920(a)(4)(iv).

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability.  *See id.* at § 416.920(a)(4)(v).  In making this determination, the ALJ must consider the claimant's RFC, age, education, and past work experience.  *See id.*  The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled.  *See id.* at § 416.923.

III.   <u>The ALJ's Decision</u>

In his September 1, 2020 decision, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since the application date of February 7, 2019.  (R. 17).  The ALJ also found that Plaintiff met the second requirement of the process insofar as she had the severe impairments of PTSD, panic anxiety disorder, anxiety, and obsessive-compulsive disorder ("OCD").  He found, however, that her GERD and bilateral cerumen impaction did not constitute severe impairments.  (R. 17-18).  The ALJ concluded that Plaintiff's impairments did not meet any of the listings that would satisfy Step Three.  (R. 18-19).

The ALJ found that Plaintiff retained the RFC to perform a full range of work at all exertional levels with the following additional limitations:

- Climbing ladders, ropes, and scaffolds never;
- Never unprotected heights or moving mechanical parts;
- Occasional operation of a motor vehicle;
- Work environments of moderate noise;
- Able to perform simple and routine tasks;
- Able to make simple work decisions;
- Interact with supervisors occasionally;
- Able to work in proximity of co-workers throughout the day but capable of only occasional interaction with both tandem and group tasks;
- Limited to incidental or cursory contact with the public and to positions working with things rather than people; and
- Limited to a low stress environment, which I define as no production rate or paced work, and no work where one must

keep up with a machine and only occasional changes in routine
work setting.

(R. 20).   Significantly, in so finding, he found all of the opinion evidence to be unpersuasive.

(R. 23-24).   After finding, at Step Four of the process, that Plaintiff had no past relevant work,

the ALJ used a vocational expert ("VE") at Step Five to determine whether there were jobs in the

national economy that Plaintiff could perform.  (R. 24-25).  The VE testified that, based on

Plaintiff's age, education, work experience, and RFC, Plaintiff could perform a significant

number of jobs in the national economy, including the representative occupations of hand

packager, deli cutter/slicer, and clothes folder.  (R. 25, 59-60).  Accordingly, the ALJ found that

Plaintiff was not disabled.  (R. 25-26).

**IV.   <u>Legal Analysis</u>**

Plaintiff argues that the ALJ erred in evaluating the opinion evidence and in formulating

the RFC.  While the Court does not necessarily find that the RFC crafted by the ALJ could not be

found to be supported by substantial evidence, it does find that the ALJ inadequately explained

***how*** he determined Plaintiff's RFC.  Accordingly, the Court cannot find the ALJ's decision to be

supported by substantial evidence and finds that remand is necessary for further consideration

and discussion of this issue.

Plaintiff asserts that the ALJ erred in finding the opinion evidence in this case to

be unpersuasive, including the opinion of Gregory Walker, M.D. (R. 372-78), one of her

treating physicians, and that of Margaret Christopher, Ph.D. (R. 780-82), one of her

treating psychologists, in formulating her RFC.   She also asserts that the ALJ did not

adequately address what she refers to as the medical opinion of Tess Kennedy, LPC (R.

281-82), as he did not find it persuasive or unpersuasive.  Plaintiff claims that the ALJ's

disregard of this opinion evidence rendered his decision unsupported by substantial

evidence.  Although the Court does not completely agree with Plaintiff's rationale, it does agree with her underlying contention that the ALJ's RFC findings are insufficient.

In formulating a claimant's RFC, not only must an ALJ consider all relevant evidence, the RFC finding "must 'be accompanied by a clear and satisfactory explication of the basis on which it rests.'" *Fargnoli*, 247 F.3d at 41 (quoting *Cotter*, 642 F.2d at 704).  "'[A]n examiner's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision.'" *Id.* (quoting *Cotter*, 642 F.2d at 705).  *See also* S.S.R. 96-8p, 1996 WL 374184, at *7 (S.S.A. July 2, 1996) ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).").  Here, even assuming that the ALJ was correct in evaluating the medical opinion evidence as he did, he failed to provide a clear and satisfactory explication of the basis on which the RFC findings rested.

To be sure, the RFC in this case was actually quite extensive and specific.  However, while the ALJ discussed the evidence generally in explaining how he determined the RFC, he failed to adequately explain how he came to his specific determinations as to Plaintiff's functional limitations.  In essence, he summarized the record evidence and then concluded, without any real explanation, that this evidence supported the RFC he crafted.  The closest he came to providing the necessary analysis was by breaking down the RFC limitations and attributing each of them to Plaintiff's "severe mental impairments."  (R. 22-23).  This simply does not explain how the specific elements of the RFC were warranted by the record.

As noted, the ALJ found unpersuasive the opinion of Dr. Walker, the only medical opinion as to Plaintiff's mental functional limitations.[1]  The state reviewing agents considering her mental impairments, both of whom rendered their opinions without the benefit of relevant later evidence, found that there was insufficient evidence to evaluate Plaintiff's claim and therefore offered no opinions as to Plaintiff's mental functional capacity.  (R. 24, 71, 84).  While in some cases this might not be problematic, here, the combination of the ALJ rejecting Dr. Walker's opinion, having no other opinion as to mental functional capacity in the record, and failing to provide sufficient specificity in explaining how he himself determined Plaintiff's RFC compels the Court to remand this case for further consideration and discussion.

The Court emphasizes that merely because there was not a medical opinion as to functionality in the record other than that of Dr. Walker does not mean that the ALJ was forced to base his RFC determination on an opinion he found unpersuasive by default.  "The ALJ – not treating or examining physicians or State agency consultants – must make the ultimate disability and RFC determinations."  *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011).  *See also* 20 C.F.R. §§ 416.927(d)(2), 416.946(c).  Indeed, "[t]here is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC."  *Titterington v. Barnhart,* 174 Fed. Appx. 6, 11 (3d Cir. 2006).  *See also Chandler*, 667 F.3d at 362 (holding that each fact incorporated into the RFC need not have been found by a medical expert).  As the Third Circuit Court of Appeals explained in *Titterington*, "[s]urveying the medical evidence to craft an RFC is part of an ALJ's duties."  174 Fed. Appx. at 11.  In fact, an ALJ is permitted to make an RFC assessment even if no doctor has specifically made the same findings.  *See Hayes v. Astrue*, Civ. No. 07-710, 2007 WL 4456119, at *2 (E.D. Pa. Dec.

---

[1]      As the Court discusses below, neither LPC Kennedy nor Dr. Christopher truly offered any opinion as to Plaintiff's functional limitations.

17, 2007).  It was not necessarily error, then, for the ALJ to reject the only relevant medical opinion in the record.

However, as discussed above, in any event, substantial evidence must support an ALJ's findings as to the claimant's RFC, and the ALJ must provide an adequate explanation as to how he formulated the RFC.  *See Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121-22 (3d Cir. 2000); *Fargnoli*, 247 F.3d at 41.  Here the Court finds the explanation provided to be insufficient to determine whether substantial evidence supports the RFC findings.  While the ALJ was not required to adopt the opinion of Dr. Walker, or to rely expressly on some other opinion, he did have to explain how the evidence supported his RFC findings.  The Court is unable, simply by reviewing the ALJ's discussion of the evidence, to determine how that evidence translated into the very specific RFC findings made by the ALJ.  It is not that the record could not be found to support such an RFC finding, it is that the ALJ failed to explain with sufficient specificity why these exact restrictions, and not others, applied, especially in light of the contrary opinion of Dr. Walker.

The Court is cognizant that an ALJ's decision need not be so comprehensive as to account with meticulous specificity for each finding contained therein.  Likewise, the Court does not fault the ALJ for failing to discuss every piece of evidence in the record.  *See Gamret v. Colvin*, 994 F. Supp. 2d 695, 698 (W.D. Pa. 2014) (citation omitted).  However, the Court is unable to review the ALJ's findings where the ALJ failed to "build an accurate and logical bridge between the evidence and the result."  *Id.*  Here, the ALJ essentially asks the Court to assume that record evidence leads to the very specific conclusions he draws as to Plaintiff's RFC, despite a medical opinion to the contrary.  However, the Court cannot make this assumption, as it is not the role of the Court to look at the evidence and determine whether it

would lead to the conclusions to which the ALJ came.  *See Fargnoli,* 247 F.3d at 44 n.7 ("The grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based.") (quoting *SEC v. Chenery Corporation,* 318 U.S. 80, 87 (1943)).  Therefore, the Court will remand the matter so that the ALJ can more clearly explain how he came to his findings.[2]

Such an explanation will require the ALJ to reconsider the opinion evidence.  As discussed, Plaintiff argues that the ALJ did not properly analyze the opinions in the record, particularly those of her treating health care professionals.  While the Court will not make any comprehensive findings on this issue, it does note that two of the "medical opinions" that Plaintiff claims were misjudged – those of LPC Kennedy and Dr. Christopher – do not actually constitute medical opinions under the SSA's regulations.

For cases such as this one, filed on or after March 27, 2017, the regulations have redefined what constitutes a medical opinion, how ALJs consider medical opinions, and the way ALJs discuss medical opinions in their decisions.  *See* 20 C.F.R. § 416.913.  The amended regulations specify that medical opinion evidence consists of a statement or statements "from a medical source about what [a claimant] can still do despite [her] impairment(s) and whether [she] ha[s] one or more impairment-related limitations or restrictions in the abilities listed in paragraphs (a)(2)(i)(A) through (D)."  *Id.* at § 416.913(a)(2).  Evidence from a medical source that is neither an opinion nor objective medical evidence, *e.g.*, "medical signs" or "laboratory findings," is categorized as "Other medical evidence."  *Id.* at § 416.913(a)(3).  This category of evidence "includ[es] judgments about the nature and severity of [the claimant's] impairments,

---

[2]     Because it is the need for additional explanation by the ALJ that necessitates a remand in this case, the record does not permit the Court to reverse and remand the case for an award of benefits. *See Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984).  Indeed, the Court emphasizes that it is not in any way finding that the ALJ's RFC findings are incapable of being found to have adequate record support.

[her] medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." *Id.*

The evidence identified by Plaintiff that was produced by LPC Kennedy and Dr. Christopher is other medical evidence, not opinion evidence. Ms. Kennedy's May 29, 2019 letter discusses Plaintiff's symptoms and treatment but not how they impact Plaintiff's ability to perform work-related activities. (R. 281-82). The ALJ was correct in declining to treat this as opinion evidence. Dr. Christopher likewise offered no opinion as to Plaintiff's functional capacity. (R. 780-82). At best, her Assessment and Intervention Summary addressed the ultimate issue of whether or not Plaintiff is "disabled." It is well-established that such pronouncements are not considered "medical opinions" insofar as the opinion goes to an issue "reserved to the Commissioner." 20 C.F.R. § 416.920b(c)(3)(i). *See also Griffin v. Comm'r of Soc. Sec.,* 305 Fed. Appx. 886, 891 (3d Cir. 2009). Dr. Christopher did not opine as to Plaintiff's ability to, for instance, "maintain[] concentration, persistence, or pace" in a work environment. 20 C.F.R. § 416.913(a)(2)(i)(B). The ALJ acknowledged Dr. Christopher's opinion, but correctly observed, as discussed above, that it "provided little to no information on how the claimant's severe mental impairments affected her ability to engage in work related activities." (R. 23).[3]

Dr. Walker's opinion, on the other hand, very clearly touches on Plaintiff's functional capacity. While the Court takes no position as to how persuasive Dr. Walker's opinion is, it does find that further discussion on this issue is warranted on remand. The ALJ's stated reasons for finding this opinion to be inconsistent with the record evidence were that Plaintiff regularly attended and was interactive at her therapy sessions and that Plaintiff "demonstrated that she

---

[3]     The same is true in regard to the non-medical opinions offered by Plaintiff's family and friends. The Court discerns no error in the ALJ's consideration of these opinions.

would enjoy working to support an elderly person a few days a week." (R. 23).[4]  It is not clear to the Court how these reasons demonstrate an inconsistency between Dr. Walker's opinion and the record as a whole, particularly in light of the fact that the RFC is "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis," meaning 8 hours a day for 5 days a week.  S.S.R. 96-8p, at *1.  Nonetheless, the Court will leave it for the ALJ on remand to determine the persuasiveness of Dr. Walker's opinion.

**V.**     <u>**Conclusion**</u>

In short, the record does not permit the Court to determine whether the findings of the ALJ regarding Plaintiff's RFC are supported by substantial evidence, and, accordingly, the Court finds that substantial evidence does not support the ALJ's decision in this case.  The Court hereby remands the case to the Commissioner for reconsideration consistent with this Order.

<u>s/Alan N. Bloch</u>
United States District Judge

ecf:         Counsel of record

---

[4]     Significantly, nowhere does the record show that Plaintiff actually did work to support an elderly person, merely that she believed she would like to do so.